883 F.2d 1026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lewis J. McDERMOTT, III Plaintiff-Appellee,
v.
OMID INTERNATIONAL AND ORIENTAL RUG SUPPLY HOUSE, and
Stabitex Vertriebsgesellschaft Mbh, Defendant-Appellants.
 Nos. 88-1592, 88-1593.
 United States Court of Appeals, Federal Circuit.
 July 6, 1989.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION[1]
 
 1
 In Appeal No. 1592, Stabitex Vertriebsgesellschaft Mbh (Stabitex) challenges a judgment of the United States District Court for the Southern District of Ohio, in case nos. C-2-84-1688 and C-2-86-0119, holding: (1) United States Patent No. 4,234,649 ('649) not invalid and infringed, (2) Stabitex liable for $668,417.40 in damages and $234,618.04 in increased damages and attorney fees. We affirm.[2]
 
 OPINION
 
 2
 The district court correctly exercised in personam jurisdiction over Stabitex. Stabitex's conduct falls within the Ohio long-arm statute, see Ohio Rev.Code Sec. 2307.382(A)(6), and satisfies the due process minimum contacts requirement. See International Shoe Co. v. Washington, 326 U.S. 310 (1945).
 
 
 3
 Stabitex has failed to show reversible error in the district court's determinations that the '649 patent was not invalid and infringed, that McDermott was entitled to its lost profits in accordance with Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 197 USPQ 726 (6th Cir.1978), and that the infringement was willful. Nor has Stabitex shown that the district court abused its discretion in awarding increased damages and attorney fees. See 35 U.S.C. Secs. 284, 285 (1982).
 
 
 4
 McDermott's request for attorney fees on appeal is denied.
 
 
 
 [1]
 We delayed resolution of this appeal pending action by the district court on a motion under Rule 60(b), Fed.R.Civ.P. The district court has now denied that motion
 
 
 [2]
 Appeal No. 1593, involving Omid International and Oriental Rug Supply House, has been settled and dismissed